**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2048**

JAMES B. JOHNSON,

        Plaintiff - Appellant,

    v.

UNITED STATES OF AMERICA; HOPE VILLAGE, INC.,

        Defendants - Appellees,

     and

FEDERAL BUREAU OF PRISONS,

        Defendant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. Elizabeth Kay Dillon, District Judge. (5:17-cv-00012-EKD)

Submitted: March 12, 2019                      Decided: May 29, 2019

Before GREGORY, Chief Judge, and AGEE and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James B. Johnson, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James B. Johnson appeals the district court's order disposing of his civil action. Specifically, the court dismissed Johnson's claims against the United States, brought pursuant to the Federal Tort Claims Act,[*] for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). With regard to Johnson's negligence claims against Defendant Hope Village, Inc. ("Hope Village"), over which the district court had diversity jurisdiction, the court dismissed Johnson's first claim pursuant to Fed. R. Civ. P. 12(b)(6), because his amended complaint was legally insufficient to state a negligence claim, and granted summary judgment on the second claim.

In his informal brief, Johnson does not raise any arguments related to the district court's rationale for dismissing either the FTCA claims or the first negligence claim. As such, Johnson has forfeited appellate review of those rulings, *see* 4th Cir. R. 34(b) (directing appealing parties to present specific arguments in an informal brief and stating that this court's review on appeal is limited to the issues raised in the informal brief); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief."), and we therefore affirm those portions of the district court's dispositive order pursuant to Local Rule 34(b).

Johnson focuses in his informal brief on the district court's grant of summary judgment on his second negligence claim arguing, primarily, that the district court should

---

[*] *See* 28 U.S.C. §§ 2671-2680 (2012).

2

not have granted summary judgment prior to discovery. To be sure, summary judgment is usually inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). But "the party opposing summary judgment cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery." *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (internal quotation marks omitted). To raise sufficiently this issue, the nonmovant must typically file an affidavit or declaration under Rule 56(d), explaining the "specified reasons" why "it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). This Johnson did not do. Because we otherwise discern no reversible error in granting Hope Village summary judgment on this claim, we affirm this aspect of the appealed-from order for the reasons stated by the district court. *See Johnson v. United States*, No. 5:17-cv-00012-EKD (W.D. Va. filed Aug. 30, 2018 & entered Aug. 31, 2018). We grant Hope Village's motion to extend the time for filing its informal response brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*
